# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 26-CV-641

RANDALL MARK OSTEBO,

    Plaintiff,

v.

PHILIP J. WEISER, Attorney General, Colorado,
KEITH ELLISON, Attorney General, Minnesota,
MOSES "ANDRE" STANCIL, Executive Director, Colorado DOC,
JUSTIN "JR" HALL, Chair, Colorado State Board of Parole,
ANJALI NANDI, Director, Probation Services, Colorado Judicial Branch,
PAUL SCHNELL, Commissioner, Minnesota Department of Corrections,
KELLY MITCHELL, Assistant Commissioner, Minnesota Department of Corrections,
KIMBERLY KLINE, Chair, Colorado Sex Offender Management Board,
STAN HILKEY, Executive Director, Colorado Department of Public Safety,
ARMANDO SALDATE III, Director, Colorado Bureau of Investigation.

    Defendants.

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
PURSUANT TO 42 U.S.C. § 1983**

---

PLAINTIFF RANDALL MARK OSTEBO, by and through his attorney, Mark Anthony Barrionuevo of Mark Anthony Law, respectfully brings this civil rights action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief from unconstitutional lifetime probation, travel restrictions, and conditions of supervision imposed without trial, notice, or due process, and alleges as follows:

## STATEMENT OF THE CASE

Defendants deprived Plaintiff of his United States Constitutional rights to procedural due process, substantive due process, freedom to travel, freedom from

abridgement of the privileges or immunities of citizens of the United States, and freedom from cruel and unusual punishment.

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and laws of the United States, including 42 U.S.C. § 1983, the Double Jeopardy Clause of the Fifth Amendment, the Cruel and Unusual Punishments Clause of the Eighth Amendment, the Privileges and Immunities Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action seeks redress for the deprivation of constitutional rights under color of state law.

3. Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b) because Plaintiff currently resides in Colorado, the unconstitutional restrictions are being enforced against him in Colorado, and he suffers ongoing injury within this District.

4. Declaratory relief, injunctive relief, and other necessary and proper relief are authorized under 28 U.S.C. §§ 2201–2202.

## PARTIES

5. **Plaintiff Randall Ostebo** is a United States citizen currently residing in Colorado. After completing his Minnesota prison sentence, he was subjected to automatic lifetime sex offender registration, lifetime conditional release, and travel restrictions without any post-release hearing, notice, or individualized determination.

6.	**Defendant Philip J. Weiser** is the Attorney General of Colorado and is responsible for imposing or enforcing the challenged conditions.

7.	**Defendant Keith Ellison** is the Attorney General of Minnesota and is responsible for imposing or enforcing the challenged conditions.

8.	**Defendant Moses "Andre" Stancil** is the Executive Director of the Colorado Department of Corrections who enforces out-of-state probationary restrictions within Colorado and is sued in his official capacity.

9.	**Defendant Justin "JR" Hall** is the Chair of the Colorado Board of Parole who enforces out-of-state probationary restrictions within Colorado and is sued in his official capacity.

10.	**Defendant Paul Schnell** is the Commissioner of the Minnesota Department of Corrections ("MN DOC") who is responsible for administering Plaintiff's lifetime conditional release and is sued in his official capacity.

11.	**Defendant Kelly Mitchell is the Assistant Commissioner of the MN DOC** who is responsible for the policies, procedures, and enforcement of post-release supervision conditions and is sued in their official capacity.

12.	**Defendant Anjali Nandi is the Director of Probation Services for the Colorado Judicial Branch** who enforces out-of-state probationary restrictions within Colorado and is sued in their official capacity.

13.	**Defendant Kimberly Kline is the Chair of the Colorado Sex Offender Management Board ("SOMB")** who presides over the SOMB, oversees policy implementation, and represents the SOMB's official position.

3

14.     **Defendant Stan Hilkey is the Executive Director of the Colorado Department of Public Safety** who oversees the Colorado Bureau of Investigation and is responsible for department-wide policy, systemic enforcement, and registry rules adopted at the department level.

15.     **Defendant Armando Saldate III is the Director of the Colorado Bureau of Investigation** who directly operates the sex-offender registry and registration unit.

16.     In all respects material to this action, all Defendants acted under the color of law and under the color of their authority as officers and employees of the State of Colorado or the State of Minnesota.

17.     In all respects material to this action, all Defendants acted outside of the scope of their employment with the State of Colorado or the State of Minnesota, exceeding the legitimate scope of their official capacity as intended by state law.

18.     Plaintiff has suffered and continues to suffer losses as a direct result of Defendants' actions and he is entitled to a declaration upon his rights and further compensatory and punitive damages as a direct and proximate result of Defendants' wrongful conduct as alleged herein. Absent relief, Plaintiff will continue to suffer from his losses, thereby allowing Defendants' violation of the law to proceed without remedy.

## FACTUAL BACKGROUND

1.      This is a civil rights action brought by Plaintiff who is under a dual commitment to the Minnesota Department of Corrections ("Minn DOC") and the Department of Human Services ("DHS"), against Defendants for violations of Plaintiff's constitutional, statutory and common law rights. Specifically, Plaintiff states that the

administratively imposed terms of conditional release under Minn. Stat § 609.3455 subd 6, 7, and 8 as applied to Plaintiff is unconstitutional because the procedures used by the State of Minnesota are not reasonably related nor narrowly tailored to the purpose of the legislative intent. Plaintiff alleges violations of his constitutional rights specifically: procedural due process, substantive due process, freedom to travel, freedom from abridgement of the privileges or immunities of citizens of the United States, freedom from cruel and unusual punishment, equal protection, and protection from double jeopardy.

2. Minn. Stat § 609.3455 subd 6 states:

**Mandatory ten-year conditional release term.** Notwithstanding the statutory maximum sentence otherwise applicable to the offense and unless a longer conditional release term is required in subdivision 7, when a court commits an offender to the custody of the commissioner of corrections for a violation of section 609.342, 609.343, 609.344, 609.345, 609.3453, or 609.3458, the court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for ten years.

3. Minn. Stat § 609.3455 subd 7 states:

**Mandatory lifetime conditional release term.**

(a) When a court sentences an offender under subdivision 3 or 4, the court shall provide that, if the offender is released from prison, the commissioner of corrections shall place the offender on conditional release for the remainder of the offender's life.

(b) Notwithstanding the statutory maximum sentence otherwise applicable to the offense, when the court commits an offender to the custody of the commissioner of corrections for a violation of section 609.342, 609.343, 609.344, 609.345, 609.3453, or 609.3458, and the offender has a previous or prior sex offense conviction, the court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for the remainder of the offender's life.

(c) Notwithstanding paragraph (b), an offender may not be placed on lifetime conditional release for a violation of section 609.345, unless the offender's previous or prior sex offense conviction is for a violation of

       section 609.342, 609.343, 609.344, 609.3453, or 609.3458, subdivision 1, paragraph (b), or any similar statute of the United States, this state, or any other state.

4.    Minn. Stat § 609.3455 subd 8 states:

**Terms of conditional release; applicable to all sex offenders.**

(a) The provisions of this subdivision relating to conditional release apply to all sex offenders sentenced to prison for a violation of section 609.342, 609.343, 609.344, 609.345, 609.3453, or 609.3458. Except as provided in this subdivision, conditional release of sex offenders is governed by provisions relating to supervised release. The commissioner of corrections may not dismiss an offender on conditional release from supervision until the offender's conditional release term expires.

(b) The conditions of release may include successful completion of treatment and aftercare in a program approved by the commissioner, satisfaction of the release conditions specified in section 244.05, subdivision 6, and any other conditions the commissioner considers appropriate. The commissioner shall develop a plan to pay the cost of treatment of a person released under this subdivision. The plan may include co-payments from offenders, third-party payers, local agencies, or other funding sources as they are identified. This section does not require the commissioner to accept or retain an offender in a treatment program. Before the offender is placed on conditional release, the commissioner shall notify the sentencing court and the prosecutor in the jurisdiction where the offender was sentenced of the terms of the offender's conditional release. The commissioner also shall make reasonable efforts to notify the victim of the offender's crime of the terms of the offender's conditional release.

(c) If the offender fails to meet any condition of release, the commissioner may revoke the offender's conditional release and order that the offender serve all or a part of the remaining portion of the conditional release term in prison. An offender, while on supervised release, is not entitled to credit against the offender's conditional release term for time served in confinement for a violation of release.

5.    The following words and terms have the meanings defined or given, unless expressly stated differently for that instance within this complaint:

    a. Conditional release: a term of probation which is imposed upon the sex offender after he or she has completed his or her sentence.

      b. Release: to set free from confinement or bondage. When an inmate is on supervised release, he or she is set free from confinement or bondage.

      c. Probation: when an offender is released from confinement to the community.

*See* Minn. Stat. 609.3455, Minn. Stat. 243.166, subd. 1(b).

6. Plaintiff has fully expired his executed sentence and is now serving a court-imposed term of automatic conditional release by one of Minnesota's Judicial District, Criminal Division.

7. Minnesota's statute requiring automatic conditional release for certain sex offenders has had its issues and concerns for many years by the courts.

8. In 1992, the Minnesota Legislature passed the conditional release statute as applied to criminal sexual conduct crimes occurring on or after August 1, 1992. See Act of April 29, 1992, ch.571, art. 1, 25 & 29, 1992 Minn. Laws 1983, 2002-04 (codified at Minn. Stat. 609.346, subd. 5 (1992)). When first enacted, the period of conditional release, then called a "supervised release term", was imposed for "not less than" five or ten years.

9. In 1993, the terminology "supervised release term" was changed to "conditional release", and the Minnesota Legislature deleted the words "not less than" preceding the specification of the five or ten-year terms. See Act of May 20, 1993, ch. 326, art. 9, 9, 1993 Minn. Laws 1974, 2089 (codified as Minn. Stat. 609.346, subd. 5 (1994)).

10. After some amendments and changes to the statute, in 2013 the Minnesota Legislature amended section 609.3455, subdivision 6. The amendment provides that "after the offender has been released from prison, the commissioner shall place the offender on conditional release for ten years." 2013 Minn. Laws, ch. 96, 3, at 744. Under the amendment, an offender begins serving both supervised and conditional release together at the time the offender is released from prison. During a committee meeting on the bill, one of its authors stated that the amendment effectuates what "was the legislative intent when this conditional release language was originally passed by the legislature." Hearing on H.F. No. 709 Before the H. Comm. On Pub. Safety Fin. & Policy (Mar. 19, 2013) (statement of Rep. Johnson).

11. Plaintiff was charged and convicted of two felony crimes in Ramsey County of the State of Minnesota: i) criminal sexual conduct-2nd degree and ii) criminal sexual conduct-2nd degree. For the first conviction, the offense dates were September 1, 1990 through November 30, 1990. For the second conviction, the offense dates were November 1, 2010 through December 3, 2010. At the time of sentencing on June 2, 2011, Plaintiff was sentenced to a lifetime sex offender registration requirement and a lifetime conditional release requirement.

12. On December 28, 2017, Plaintiff was released from prison after serving his prison sentences for both convictions.

13. On December 28, 2017, Plaintiff was compelled to register as a lifetime sex offender or be sent back to prison. As part of his lifetime sex offender requirements, Plaintiff had to attend monthly group therapy, register at Sheriff's Office every three months in a county with driver's license, vehicles, address, employer, and other private

information, submit to being photographed annually, not participate in veteran benefits even though he is a veteran of the military, and submit to being fingerprinted annually, inter alia.

14.     On December 28, 2017, Plaintiff was compelled to be subjected to a lifetime conditional release or be sent back to prison. As part of his lifetime conditional release requirements, Plaintiff could not and cannot make decisions on his own, e.g. he had to restart sex offender treatment called Stepping Stones, be electronically monitored on his phone and computer and pay $70.00 per month for it for years unending, check in with a parole officer every 3 months, participate in and/or pay for 35 mandatory polygraph exams missing work and losing approximately $37,000.00, miss religious worship services and only be permitted to worship for a limited amount of time on the Sabbath day, make phone calls to state representatives every time he left the county, create safety plans for approval for traveling to church, employment, theaters, among other places, and participate in urinalysis testing approximately 2-3 times per month, inter alia.

15.     Upon release from prison, Plaintiff was automatically subjected to lifetime sex offender registration and lifetime conditional release, including lifetime probation, ongoing state supervision, travel bans, and reporting requirements.

16.     The State of Minnesota imposed these lifetime conditions without any hearing, without notice, without providing Plaintiff a meaningful opportunity to be heard, and without any individualized determination of necessity.

17.     Plaintiff was never charged, tried, or convicted of any new offense to justify lifetime sex offender registration nor lifetime probation or conditional release.

18. The lifetime conditions were imposed automatically and mechanically, based solely on Plaintiff's original conviction, and without considering his conduct, risk level, rehabilitation, or current circumstances.

19. These restrictions continue to be enforced in Colorado, where Plaintiff now resides.

20. The travel bans and supervision restrictions significantly impair Plaintiff's liberty, movement, employment, family relationships, and ability to live a normal life.

21. Plaintiff has no mechanism to challenge or obtain review of these lifetime conditions within Minnesota's administrative or judicial frameworks.

22. The automatic imposition of lifetime conditional release and lifetime sex offender registration constitutes an ongoing violation of Plaintiff's constitutional rights.

23. There is no opportunity for removal or review of the lifetime restrictions on Plaintiff.

24. The lifetime restrictions automatically apply regardless of the time the offenses occurred, the age of the offender, rehabilitation occurring or not, the risk level, inter alia.

25. The lifetime restrictions rely upon outdated assumptions that risk never decreases, which is false.

26. The lifetime restrictions rely upon a one-size-fits-all registration that is false.

27. The lifetime restrictions fail to distinguish between violent predators and low-risk offenders.

28. Such structures and applications of said lifetime restrictions are unconstitutional.

29. Lifetime, automatic, and irreversible lifetime registration is against empirical evidence that undermines assumptions about recidivism and is categorically unconstitutional.

30. Plaintiff challenges the department-wide policy, the systemic enforcement, registration procedures, the maintaining of the registry database, and the registry rules adopted at the department level of the Colorado Bureau of Investigation, by the Colorado Department of Public Safety, and by the Colorado Sex Offender Management Board, as well as the other Defendants for the same reasons.

### FIRST CLAIM FOR RELIEF
### (Violation of the Fourteenth Amendment (Procedural Due Process) – 42 U.S.C. § 1983)

31. Plaintiff incorporates the other paragraphs of this Complaint as if set forth here.

32. The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits states from depriving an individual of liberty without notice and without a meaningful opportunity to be heard.

33. Defendants imposed lifetime probation, travel restrictions, sex offender registration, and conditional release on Plaintiff without any hearing, individualized assessment, or judicial process.

34. Plaintiff was forced by Defendants to restart sex offender treatment called Stepping Stones, be electronically monitored on his phone and computer and pay $70.00 per month for it for years unending, check in with a parole officer every 3 months, participate in and/or pay for 35 mandatory polygraph exams missing work and losing approximately $37,000.00, miss religious worship services and only be permitted to

worship for a limited amount of time on the Sabbath day, make phone calls to state representatives every time he leaves the county, create safety plans for approval for traveling to church, employment, theaters, among other places, and participate in urinalysis testing approximately 2-3 times per month, inter alia.

35.     These restrictions constitute a significant deprivation of liberty.

36.     Defendants' actions violate Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

37.     As a direct, foreseeable, and proximate result of the violation of Plaintiff's procedural due process rights under the Fourteenth Amendment committed by Defendants, Plaintiff suffered, and will continue to suffer, the following injuries and damages:

   a. Economic losses consisting of, inter alia, loss of income, interest, loss of opportunities, and attorney fees and costs.

   b. Non-economic losses consisting of, inter alia, emotional pain and suffering, loss of enjoyment of life, emotional distress, inconvenience, stress, current and future anxiety, loss of sleep, and frustration.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Fourteenth Amendment (Substantive Due Process)**
**– 42 U.S.C. § 1983)**

38.     Plaintiff incorporates the other paragraphs of this Complaint as if set forth here.

39.     The automatic imposition of lifetime sex offender registration and lifetime probation and restrictions without any factual findings or judicial review is arbitrary, unreasonable, and shocks the conscience.

40. Defendants' enforcement of lifetime conditions with no mechanism for review violates substantive due process of the Fourteenth Amendment of the United States Constitution.

41. There is no opportunity for removal or review of the lifetime restrictions on Plaintiff.

42. Plaintiff was forced by Defendants to restart sex offender treatment called Stepping Stones, be electronically monitored on his phone and computer and pay $70.00 per month for it for years unending, check in with a parole officer every 3 months, participate in and/or pay for 35 mandatory polygraph exams missing work and losing approximately $37,000.00, miss religious worship services and only be permitted to worship for a limited amount of time on the Sabbath day, make phone calls to state representatives every time he leaves the county, create safety plans for approval for traveling to church, employment, theaters, among other places, and participate in urinalysis testing approximately 2-3 times per month, inter alia.

43. As a direct, foreseeable, and proximate result of the violation of Plaintiff's procedural due process rights under the Fourteenth Amendment committed by Defendants, Plaintiff suffered, and will continue to suffer, the following injuries and damages:

   a. Economic losses consisting of, inter alia, loss of income, interest, loss of opportunities, and attorney fees and costs.

   b. Non-economic losses consisting of, inter alia, emotional pain and suffering, loss of enjoyment of life, emotional distress, inconvenience, stress, current and future anxiety, loss of sleep, and frustration.

## THIRD CLAIM FOR RELIEF
### (Violation of the Right to Travel (Privileges and Immunities/ Substantive Due Process))

44. Plaintiff incorporates the other paragraphs of this Complaint as if set forth here.

45. Article IV, section 2 and the Fourteenth Amendment of the United States Constitution protects a fundamental right to interstate travel.

46. Defendants' lifetime sex offender registration and lifetime travel bans and supervision restrictions unconstitutionally burden Plaintiff's right to travel without due process or compelling justification.

47. Plaintiff was forced by Defendants to be electronically monitored on his phone and computer and pay $70.00 per month for it for years unending, check in with a parole officer every 3 months, miss religious worship services and only be permitted to worship for a limited amount of time on the Sabbath day, make phone calls to state representatives every time he leaves the county, and create safety plans for approval for traveling to church, employment, theaters, among other places, inter alia.

48. The limitation on Plaintiff's ability to worship and to exercise his religion on his holy day is a violation of his First Amendment rights as well.

49. As a direct, foreseeable, and proximate result of the violation of Plaintiff's right to travel committed by Defendants, Plaintiff suffered, and will continue to suffer, the following injuries and damages:

   a. Economic losses consisting of, inter alia, loss of income, interest, loss of opportunities, electronic monitoring costs, and attorney fees and costs.

14

b. Non-economic losses consisting of, inter alia, emotional pain and suffering, loss of enjoyment of life, emotional distress, inconvenience, stress, current and future anxiety, loss of sleep, and frustration.

**FOURTH CLAIM FOR RELIEF**
**(Violation of the Eighth Amendment (Cruel and Unusual Punishment)**
**– 42 U.S.C. § 1983)**

50. Plaintiff incorporates the other paragraphs of this Complaint as if set forth here.

51. The Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution prohibits States from punishing persons in a grossly disproportionate manner especially in life sentences, mandatory terms, and nonviolent offenses. Moreover, the United States Constitution is interpreted in light of modern moral standards to wit practices once accepted may later become unconstitutional.

52. The Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution ensures that punishment in the United States is restrained by proportionality, human dignity, and evolving societal standards. The Eighth Amendment acts as a constitutional backstop against excessive, degrading, or unjustified punishment even when legislatures label sanctions as "regulatory" when in fact said lifetime restrictions are punitive in their effect.

53. Defendants imposed lifetime probation, travel restrictions, sex offender registration, and conditional release on Plaintiff without any hearing, individualized assessment, or judicial process has punitive effect upon Plaintiff.

54. Plaintiff was forced by Defendants to restart sex offender treatment called Stepping Stones, be electronically monitored on his phone and computer and pay $70.00

15

per month for it for years unending, check in with a parole officer every 3 months, participate in and/or pay for 35 mandatory polygraph exams missing work and losing approximately $37,000.00, miss religious worship services and only be permitted to worship for a limited amount of time on the Sabbath day, make phone calls to state representatives every time he leaves the county, create safety plans for approval for traveling to church, employment, theaters, among other places, and participate in urinalysis testing approximately 2-3 times per month, inter alia.

55. These restrictions constitute a significant deprivation of liberty, i.e. punitive effect.

56. Defendants' actions violate Plaintiff's rights under the Eighth Amendment of the United States Constitution.

57. As a direct, foreseeable, and proximate result of the violation of Plaintiff's procedural due process rights under the Eighth Amendment committed by Defendants, Plaintiff suffered, and will continue to suffer, the following injuries and damages:

    a. Economic losses consisting of, inter alia, loss of income, interest, loss of opportunities, and attorney fees and costs.

    b. Non-economic losses consisting of, inter alia, emotional pain and suffering, loss of enjoyment of life, emotional distress, inconvenience, stress, current and future anxiety, loss of sleep, and frustration.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff Randall Ostebo humbly requests that the Court:

A. **Declare** that the automatic imposition and enforcement of lifetime sex offender registration, lifetime conditional release, travel restrictions, and probation violate

the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

B. **Declare** that the automatic imposition and enforcement of lifetime sex offender registration, lifetime conditional release, travel restrictions, and probation violate the Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution;

C. **Enjoin** Defendants from enforcing the lifetime sex offender registration and lifetime conditional release and travel restrictions against Plaintiff.

D. **Order** Defendants to terminate Plaintiff's lifetime sex offender registration and lifetime conditional release unless and until constitutionally valid procedures are provided.

E. **Award** costs and reasonable attorney's fees under 42 U.S.C. § 1988.

F. **Grant** such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: February 18, 2026

> **MARK ANTHONY LAW**
>
> Filed By:   /s/ Mark Anthony Barrionuevo
>               Mark Anthony Barrionuevo, #43535
>
> Printed Name: Mark Anthony Barrionuevo
> Mailing Address:  3578 Hartsel Dr., Unit E-359
>                  Colorado Springs, CO 80920
> Telephone number: 719.244.1924
> Email: mark@markanthonylawfirm.com
>
> *Attorney for Plaintiff Randall Ostebo*